UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIMBERLY ANN CURTISS,

    Plaintiff,
v.                              Case No. 8:16-cv-820-T-33TGW

MARCO A. BELTRAN,

    Defendant.
_____/

**ORDER**

This matter comes before the Court sua sponte. On April, 4, 2016, Defendant Marco Beltran removed this "Complaint for Custody, Parenting Time, and Child Support" from the Isabella County, Michigan Court located in Mount Pleasant, Michigan. (Doc. # 1). Beltran, an individual incarcerated in a Florida federal prison, asserts that the Court has diversity jurisdiction over because the Plaintiff, Kimberly Curtiss (the mother of Beltran's child) in located in Michigan and the amount in controversy exceeds $75,000.

However, as explained below, the Court determines that it is appropriate to remand the case to the Michigan State Court in which the action was originally instituted.

**Discussion**

28 U.S.C. § 1441(a) provides: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United

States **for the district and division embracing the place where such action is pending**." (Emphasis added). Removal of an Isabella County, Michigan case to this Court is improper under the aforementioned statute.

In addition, Beltran, a citizen of Florida, has violated the Forum Defendant Rule in removing the case to this Court because the proffered basis for the Court's jurisdiction is diversity of citizenship. "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

All technical defects in the removal process aside, the Court must not decide this case because it is a dispute regarding child support, child custody, and parental visitation rights. A long line of binding cases hold that: "The federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, [and] child support . . . ." <u>Moussignac v. Ga. Dep't of Human Res.</u>, 139 Fed. Appx. 161, 162 (11th Cir. 2005).

Here, rather than dismissing the case, the Court determines that it is appropriate to remand the case to the Michigan State Court in which it was initially instituted. The minor child in question resides in Michigan, and the Michigan State Court is best situated to decide the matter of child custody, child support, and parental visitation rights. As stated by the United States Supreme Court, the "domestic relations exception" to exercising diversity jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 704 (1992). Because an exception to the Court's exercise of diversity jurisdiction squarely applies, the Court finds that it lacks jurisdiction over the case and remands the case to the Michigan State Court under 28 U.S.C. § 1447(c).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) The Clerk is directed to remand the case to State Court because this Court lacks subject matter jurisdiction.

(2) After remand has been effected, the Clerk shall close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of April, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE